UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 26cr10079 |
| | ) |
| v. | ) Violations: |
| | ) |
| (1)   EDWAL VARGAS, a/k/a "Max," | ) Count One: Conspiracy to Distribute and to |
| (2)   GUSTAVO TAVERAS, | ) Possess with Intent to Distribute Controlled |
| (3)   YANIVEL GOMEZ, a/k/a "Ashley," | ) Substances |
| (4)   ████████████████ | ) (21 U.S.C. § 846) |
| | ) |
| (5)   TYRONE SHEPHERD, | ) Count Two: Money Laundering Conspiracy |
| (6)   STEPHANIE TEJEDA, | ) (18 U.S.C. § 1956(h)) |
| | ) |
| Defendants. | ) Count Three: Possession with Intent to |
| | ) Distribute 400 Grams or More of Fentanyl, 50 |
| | ) Grams or More of Methamphetamine; and |
| | ) 50 Grams or More of a Mixture and Substance |
| | ) Containing Methamphetamine; Aiding and |
| | ) Abetting |
| | ) (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), |
| | ) (b)(1)(A)(viii), and (b)(1)(B)(viii); 18 U.S.C. |
| | ) § 2) |
| | ) |
| | ) Drug Forfeiture Allegation: |
| | ) (21 U.S.C. § 853) |
| | ) |
| | ) Money Laundering Forfeiture Allegation: |
| | ) (18 U.S.C. § 982(a)(1)) |
| | ) |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about June 2021, and continuing through at least in or about February 2026, in Boston, Foxboro, Lynn, Peabody, and Newton, in the District of Massachusetts, Studio City, Sylmar, and Van Nuys in the Central District of California, and elsewhere, the defendants,

(1) EDWAL VARGAS, a/k/a "Max,"
(2) GUSTAVO TAVERAS,

(3) YANIVEL GOMEZ, a/k/a "Ashley,"

(4) ██████████████████████████, and

(5) TYRONE SHEPHERD,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and 50 grams or more of a mixture and substance containing methamphetamine, a Scheduled II controlled substance.  Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(ii), (b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(viii) are applicable to this Count.

It is further alleged that, with respect to Count One, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) EDWAL VARGAS, a/k/a "Max," (2) GUSTAVO TAVERAS, and (3) YANIVEL GOMEZ, a/k/a "Ashley.  Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to defendants (1) EDWAL VARGAS, a/k/a "Max," (2) GUSTAVO TAVERAS, and (3) YANIVEL GOMEZ, a/k/a "Ashley.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (5) TYRONE SHEPHERD.  Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to defendant (5) TYRONE SHEPHERD.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) EDWAL VARGAS, a/k/a "Max," (2) GUSTAVO TAVERAS, (3) YANIVEL GOMEZ, a/k/a "Ashley, and (4) ███████████████████. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to defendants (1) EDWAL VARGAS, a/k/a "Max," (2) GUSTAVO TAVERAS, (3) YANIVEL GOMEZ, a/k/a "Ashley, and (4) ████████ ███████████████.

It is further alleged that, with respect to Count One, 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) EDWAL VARGAS, a/k/a "Max," and (4) ███████████████████ Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(viii) and (b)(1)(B)(viii) is applicable to defendants, (1) EDWAL VARGAS, a/k/a "Max," and (4) ███████████████████.

All in violation of Title 21, United States Code, Section 846.

Before the defendant (5) TYRONE SHEPHERD committed the offense charged in this count, the defendant was convicted of violating Massachusetts General Laws Chapter 265, Section 15B(b) (*see Commonwealth v. Tyrone Shepherd*, 20130099902-99904, serious violent felonies, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

<u>COUNT TWO</u>
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

From in or about June 2021, and continuing through at least in or about February 2026, in Boston, Foxboro, Lynn, Peabody, and Newton, in the District of Massachusetts, Studio City, Sylmar, and Van Nuys in the Central District of California, and elsewhere, the defendants,

(1) EDWAL VARGAS, a/k/a "Max,"
(2) GUSTAVO TAVERAS,
(3) YANIVEL GOMEZ, a/k/a "Ashley," and
(6) STEPHANIE TEJEDA,

conspired with each other and with others known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

<u>COUNT THREE</u>
Possession with Intent to Distribute 400 Grams or More of Fentanyl,
50 Grams or More of Methamphetamine, and 50 Grams or More of a Mixture and Substance
Containing Methamphetamine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about July 19, 2023, in North Andover, in the District of Massachusetts, and elsewhere, the defendants,

(1) EDWAL VARGAS, a/k/a "Max," and
(4) ███████████████████████,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing 400 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; 50 grams of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and 50 grams or more of a mixture and substance containing methamphetamine, a Scheduled II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(viii), and Title 18, United States Code, Section 2.

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

1.    Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One and Three, the defendants,

(1) EDWAL VARGAS, a/k/a "Max,"
(2) GUSTAVO TAVERAS,
(3) YANIVEL GOMEZ, a/k/a "Ashley,"
(4) ███████████████████████████, and
(5) TYRONE SHEPHERD,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants-

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

1.    Upon conviction of the offense in violation of Title 18, United States Code,

Section 1956, set forth in Count Two, the defendants,

(1) EDWAL VARGAS, a/k/a "Max,"
(2) GUSTAVO TAVERAS,
(3) YANIVEL GOMEZ, a/k/a "Ashley," and
(6) STEPHANIE TEJADA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1),

any property, real or personal, involved in such offenses, and any property traceable to such

property.

If any of the property described in Paragraph 1, above, as being forfeitable pursuant to

Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the

defendant --

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without
         difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property described in Paragraph 51 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

FOREPERSON

K. NATHANIEL YEAGER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: March 25, 2026
Returned into the District Court by the Grand Jurors and filed.

/s/ Alexandra Traganos

DEPUTY CLERK